UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| EARLINE MARTIN<br>*Plaintiff* | * | CASE NO. 21-cv-1436 |
| VERSUS | * | JUDGE: |
| WALMART, INC.<br>*Defendant* | * | MAGISTRATE: |

**************************************************************************

# COMPLAINT

**************************************************************************

**NOW INTO COURT**, through undersigned counsel, comes Plaintiff, Earline Martin ("Martin"), who files this Complaint and respectfully represents the following.

## STATEMENT OF THE PARTIES

1.

Plaintiff, Earline Martin ("Martin"), is a person of the full age of majority, who is domiciled in the Parish of St. Tammany, State of Louisiana. She is a citizen and domicile of the State of Louisiana.

2.

Made Defendant herein is Walmart, Inc., ("Walmart"). Upon information and belief, Walmart is an Arkansas corporation with its principal place of business in the State of Arkansas. Walmart's is a domiciliary of the State of Arkansas.

## JURISDICTION AND VENUE

3.

This Court has original jurisdiction over this action pursuant to 28 U.S.C. § 1332, diversity

jurisdiction. Complete diversity of citizenship between Plaintiff and Defendant. Moreover, the amount in controversy exceeds $75,000.00, exclusive of interest and costs.

4.

In accordance with 28 U.S.C. § 1391, this is proper venue for this civil action as a substantial part of the events and omissions giving rise to this claim occurred in this district, specifically St. Tammany Parish, Louisiana. The United States District Court for the Eastern District of Louisiana encompasses the Parish of St. Tammany, Louisiana.

**FACTUAL ALLEGATIONS AND CLAIMS ASSERTED**

5.

On August 29, 2020, at or about 3:00 p.m. in the afternoon Ms. Earline Martin ("Martin") was a customer and patron at the Walmart located at 1541 Eastwood, Slidell, Louisiana 70458. While shopping at Walmart with her daughter, Melissa Martin, Ms. Earline Martin slipped and fell in a hazardous substance one of Walmart's aisleways. Ms. Martin's fall as a result of the negligence of Defendant has caused her injury; therefore, damages. Upon information and belief, the Walmart located at 1541 Eastwood, Slidell, Louisiana 70458 is owned and operated by Defendant and was in the custody and control of Defendant on August 29, 2020.

6.

Immediately after the accident, Ms. Martin prepared a report with a Walmart associate, Victoria Pizza, who the incident was immediately reported to; or Victoria Pizza was in the area in which the fall occurred. Further, Walmart took action to remedy the hazardous condition in the aisleway which Martin slipped and fell which is further extrinsic evidence of the existence of the

hazardous condition in the aisleway.

7.

As a result of the fall, Martin began experiencing soreness in her hip, neck, back, and left knee immediately after the incident.

8.

Eventually, Martin's left knee had to be operated on by Dr. James Butler with Slidell Memorial Hospital and Elite Orthopedics on March 9, 2021. Dr. Butler performed an arthroscopy and a meniscectomy surgery on Mr. Martin. Unfortunately, the arthroscopic and meniscectomy surgery of Ms. Martin's left knee has not relieved Ms. Martin of pain and she is now recommended to undergo a partial left knee replacement. Further, Ms. Martin has been recommended and is undergoing epidural steroid injections for her cervical and lumbar spines to relieve pain as a result of her fall on August 29, 2020.

9.

Walmart breached its duty to exercise reasonable care by failing to keep its floors in its retail establishment in a reasonably safe condition and free of hazardous conditions. The hazardous condition on the aisleway was an unreasonably dangerous condition and presented an unreasonable risk of harm. As the owner of the retail business in which hazardous conditions are frequently present, Walmart had the duty to maintain reasonably safe conditions and floors free of hazardous conditions, including but not limited to maintaining dry floors and aisleways or warning patrons of wet floors or hazardous conditions.

10.

Further, Walmart had actual or constructive knowledge regarding the unreasonable risk of

harm presented to its patrons on August 29, 2020 by having the hazardous condition on its floors. Walmart failed to abide by its internal standards and procedures as it pertains to aisle checks and path sweeps thereby allowing sufficient time to pass which caused the condition to remain on the floor which gives rise to either actual or constructive knowledge within the meaning of La R.S. § 9:2800.6. This is especially true because Walmart's claims department has overtly stated Walmart takes "responsibility" for this accident and believes liability is clear. La. R.S. § 9:2800.6.

11.

Walmart failed to warn Martin of the existence of the hazardous condition on the floor or take reasonable measures to try and prevent patrons from traversing the hazardous condition which presented an unreasonable risk of harm.

12.

Walmart's negligence caused Ms. Martin to sustain injuries and as a result, damages.

13.

Ms. Martin is entitled to all special and general compensatory damages due including past, present, and future physical pain and suffering, mental anguish, emotional distress, past and future medical and related care expenses, disability, impairment of enjoyment of life, loss of wages, loss of future earning capacity, interest, costs, and all other damages to which she may be entitled.

**JURY DEMAND**

14.

Ms. Martin respectfully requests a trial by jury on all issues contained herein.

**PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiff, Earline Martin, prays that this Complaint be filed, served, and

after service and all legal delays, that there be judgment in Plaintiff's favor and against Defendant, Walmart, Inc., for all general and special damages, including past and future physical pain and suffering, emotional distress, past and future medical expenses, disability, impairment of enjoyment of life, past wages, loss of earning capacity, costs, interest, and any and all sums and damages that are just and due in the premises and recoverable as a matter of law, including but not limited to, all costs and legal interest from the date of wrongdoing and/or judicial demand, as may be applicable.

> Respectfully submitted,
>
> */s/: J. Reed Poole, Jr.*
>
> _____
> J. REED POOLE, JR., Bar. No. 34034, T.A.
> GARRISON, YOUNT, FORTE & MULCAHY, L.L.C.
> 909 Poydras Street, Suite 1800
> New Orleans, Louisiana 70112
> Telephone: (504) 527-0680
> Facsimile: (504) 527-0686
> rpoole@garrisonyount.com
> *Counsel for Plaintiff, Earline Martin*

**PLEASE SERVE:**

Walmart, Inc.
Through its registered agent for service of process:
C T Corporation System
3867 Plaza Tower Drive
Baton Rouge, Louisiana 70816